CV 09 3593

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHELLE CUMMINGS-FOWLER,

                Plaintiff,

     -against-

SUFFOLK COUNTY COMMUNITY COLLEGE, JAMES
CANNIFF and RICHARD BRITTON,

                Defendants.
-------------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 19 2009 ★

LONG ISLAND OFFICE

COMPLAINT

Jury Trial Demanded

SPATT, J.

LINDSAY, M.

Plaintiff, MICHELLE CUMMINGS-FOWLER, by her attorneys, Leeds Morelli & Brown, P.C., as and for her complaint against the Defendants herein, alleges, upon personal knowledge and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This is a civil action brought pursuant to 42 U.S.C. § 1983 to redress discrimination against Plaintiff in the terms, conditions and privileges of employment of Plaintiff, as well as deprivation by the Defendants, under the policies, ordinances, custom and usage of all rights, privileges and immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States and all the laws and statutes thereunder.

2. This action is also brought against the Defendants for their violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*, the New York Executive Law, the Human Rights Law, § 290 *et seq.*, and any other cause of action which can be inferred from the facts set forth herein.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

ORIGINAL

4. Venue is proper pursuant to 28 U.S.C. § 1391.

5. All prerequisites to the institution of this action have been met. A charge of discrimination was duly filed with the EEOC and a Right to Sue letter was issued on May 21, 2009. This action is filed within 90 days thereof.

## PARTIES

6. Plaintiff, Michelle Cummings-Fowler, was and still is a resident of Suffolk County.

7. Defendant, Suffolk County Community College ("SCCC"), at all times hereinafter mentioned, maintains a primary place of business within Suffolk County, New York.

8. Dr. James Canniff, is the Vice President of Academic and Student Affairs at SCCC. Canniff aided, abetted, compelled and/or incited the unlawful treatment set forth below. Further, Canniff was and/or is responsible for SCCC's maintenance and operation, including, but not limited to, the discipline of employees. Additionally, Canniff is a policymaker charged with the responsibility of insuring that employees are not subjected to discriminatory and/or retaliatory practices. Canniff had the power to make personnel decisions regarding Plaintiff's employment.

9. Richard Britton is the Dean of General Education at SCCC. Britton aided, abetted, compelled and/or incited the unlawful treatment set forth below. Further, Britton was and/or is responsible for SCCC's maintenance and operation, including, but not limited to, the discipline of employees. Additionally, Britton is a policymaker charged with the responsibility of insuring that employees are not subjected to discriminatory and/or

retaliatory practices. Britton had the power to make personnel decisions regarding Plaintiff's employment.

## BACKGROUND FACTS

10. Michelle Cummings-Fowler ("Fowler") is a forty-five (45) year old African American woman.

11. Plaintiff was hired as an adjunct faculty member of SCCC in 1997.

12. In or around February 2000, due to Plaintiff's exceptional performance, Plaintiff was promoted to a full-time member of SCCC's faculty.

13. Subsequently, in February 2003, Plaintiff was promoted to the position of Coordinator of Instructional Development.

14. Despite these promotions, during the course of Plaintiff's employment with SCCC, Defendants have engaged in a pattern and practice of discriminatory hiring/promoting of employees on the basis of race/color, as evidenced by the low percentage of minority employees at SCCC.

15. On January 24, 2005, the business department's chair position opened up. This position was posted, and Plaintiff applied for this position. Despite her qualifications, and the fact that she had been working in that department, Plaintiff was not promoted, while a less qualified white male received the position. Plaintiff was not even granted an interview for the position.

16. On January 20, 2006, a full-time faculty position became available. This position was given to a white male who was just out of college. Plaintiff complained to Dean Britton about the selection of that candidate over herself. Despite expressing to Plaintiff that he would look into the situation, the Defendant Britton did not sufficiently address Plaintiff's complaints.

17. In February 2006, Robin Hill, a white woman, was hired by SCCC. Despite Plaintiff's experience and qualifications, SCCC hired this woman at the same salary as Plaintiff.

18. On October 4, 2007, the Associate Dean of Instructional Technology position became available.

19. Plaintiff was extremely qualified for the position, and met the qualifications required for the position, including doctorate experience.

20. Accordingly, Plaintiff was one of two finalists for the position.

21. Despite her qualifications, Plaintiff was passed over for the position in favor of Steve McIntosh, a white male who had did not meet the qualifications for the position, and was less experienced, and less qualified than Plaintiff.

22. The promotional decision was made solely by Dr. Canniff, a white male, despite the fact that he was supposed to make the decision along with Dr. Asberine Alfred (Vice President at SCCC), a black woman.

23. McInotsh was granted an interview with Dr. Alfred the same day that he was interviewed by the selection committee that was headed by Canniff. Plaintiff, however, did not

receive an interview with Dr. Alfred until three weeks after her meeting with the committee.

24. In fact, after interviewing McIntosh, Dr. Alfred expressed that McIntosh should not receive the position.

25. Despite this fact, on April 1, 2008, Plaintiff was passed over for the job, due to her race and/or color, in favor of McIntosh.

26. Despite the fact that Plaintiff has received various awards and commendations for her job performance, had the minimum requirements for the position (which McIntosh did not have), and had held the title previously, she was told that she was not qualified.

27. On the date that Plaintiff found out about the decision, she was so disturbed by the blatant discrimination to which she was being subjected that she suffered from a heart condition, and was hospitalized for treatment.

28. Furthermore, during the course of Plaintiff's employment, Dr. Canniff has made inappropriate racial comments, and has subjected Plaintiff to disparate treatment due to her race/color.

29. While Dr. Canniff refers to all other staff members with doctorates as "Doctor" he refers to Plaintiff as "young lady," or "Michelle."

30. Additionally, after Plaintiff complained about this to Dean Britton, Britton expressed that he would investigate the matter, but also expressed to Plaintiff that she should "let it go,"

that "you people are taking over," and that "Randy [Dr. Manning, a black male] is one of us; he just looks like you."

31. Plaintiff has endured disparate treatment and a hostile work environment on account of her race and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and all applicable provisions of federal state and local law.

32. By reason of the foregoing, Plaintiff suffered a loss of earnings and benefits, future earnings and benefits, emotional damages and physical damages. Plaintiff is thus entitled to all forms of applicable compensatory damages, equitable relief, and any other damages and/or remedies under state and Federal law.

## CAUSES OF ACTION

33. Defendant, SCCC, took the aforementioned acts of discrimination based on Plaintiff's race and/or color. As such, Defendant, SCCC, is in violation of 42 U.S.C. 1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, et seq., and; the New York State Executive §290 et seq.

34. While acting under color of state law, Defendant, SCCC, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. 1983, and all related provisions of the New York State Constitution. Defendant SCCC intentionally committed, condoned or was deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights. Such deliberate indifference may be inferred in the following ways:

    a.    Defendant's custom or practice of discriminating and/or retaliating against Plaintiff based on her constitutionally-protected forms of speech, expression and association. The discriminatory and/or retaliatory practices were so persistent and widespread that they constitute the constructive acquiescence of policymakers.

    b.    Supervisors failed to properly investigate and address allegations of discrimination, retaliation and/or harassment.

    c.    Inadequate training/supervision was so likely to result in the discrimination, retaliation, and/or harassment that policymakers can reasonably be said to have been deliberately indifferent to the need to provide better training and supervision.

    d.    Policymakers engaged in and/or tacitly condoned the discrimination and/or retaliation.

35. The individual Defendants unlawfully participated in and/or permitted the unlawful conduct to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. 1983.

36. The individual Defendants aided, abetted, incited, compelled and/or coerced the aforementioned unlawful conduct in violation of New York State Executive Law, Human Rights Law, § 296(6).

WHEREFORE, Plaintiff demands judgment against defendants for all compensatory, emotional, physical, and punitive damages (against the individuals under Section 1983), lost pay, front pay, injunctive relief, reinstatement and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Carle Place, New York
       August 18, 2009

Respectfully submitted,

LEEDS MORELLI & BROWN, P.C.
*Attorneys for Plaintiffs*
One Old Country Road, Suite 347
Carle Place, New York 11514
(516) 873-9550

By: _____
Thomas Ricotta (TR-1900)