```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHELLE CUMMINGS-FOWLER ,

                    Plaintiff,                    MEMORANDUM OF
                                                  DECISION AND ORDER
         -against-                                09-CV-3593 (ADS)(ARL)

SUFFOLK COUNTY COMMUNITY
COLLEGE, JAMES CANNIFF, and RICHARD
BRITTON.
                              Defendants.
----------------------------------------------------------X
```

**APPEARANCES:**

**LEEDS MORELLI & BROWN, P.C.**
*Attorneys for the Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
         By: Thomas Ricotta, Esq., Of Counsel

**CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY**
*Attorney for the Defendants*
H. Lee Dennison Building, P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
         By: Jennifer K. McNamara, Assistant County Attorney

**SPATT, District Judge**.

On August 19, 2009, Michelle Cummings-Fowler ("the Plaintiff") commenced this lawsuit against her former employer, Suffolk County Community College ("SCCC"), and her former supervisors, James Canniff ("Canniff") and SCCC Dean Richard Britton ("Britton") (collectively "the Defendants"), alleging discrimination claims under 42 U.S.C. § 2000-e ("Title VII"), N.Y. Executive Law § 296(6) ("New York Human Rights Law" or "NYHRL"), and 42 U.S.C. § 1983 ("Section 1983"). By a previous Order dated March 2, 2010 ("March Order"), this Court dismissed the NYHRL claims as time-barred. The Court also dismissed the Plaintiff's

Title VII and Section 1983 hostile work environment causes of action, without prejudice and with permission to amend the complaint. The Defendants have moved to dismiss the Amended Complaint as to Canniff because they contend that the Plaintiff's Section 1983 claim against Canniff individually—and potentially the Title VII claims—are time-barred based on the Plaintiff's failure to provide a date for any of Canniff's allegedly discriminatory statements. For the reasons that follow, the Defendants' motion is granted as to the Section 1983 hostile work environment claim against Canniff. However, to the extent the Defendants also seek dismissal of the Title VII hostile environment claim or the additional Section 1983 claim against Canniff, that request is denied.

## I. BACKGROUND

The background of this case is set forth more fully in the March Order. Familiarity with the facts in that decision is presumed. In short, the Plaintiff, a 45 year-old African-American woman, was hired by SCCC as an adjunct faculty member in 1997. Over the course of her employment, the Plaintiff alleges that she was passed over for a number of promotions in favor of less qualified white individuals, and that she was subject to inappropriate racial comments and other disparate treatment by her supervisors, Canniff and Britton. The Plaintiff contends that SCCC discriminated against her on the basis of race in: (1) failing to promote her; and (2) subjecting her to a hostile work environment. The Plaintiff also alleges that SCCC violated Section 1983 by failing to investigate and address her allegations of racial discrimination. In addition, the Plaintiff asserts that the individual Defendants are liable under Section 1983 for violating her constitutional rights under the Equal Protection Clause.

**A.  First Motion to Dismiss**

On October 23, 2009, the Defendants moved to dismiss the complaint, alleging, among other things, that Plaintiff's Section 1983 and Title VII claims were time-barred.  With regard to the Title VII cause of action, the Court permitted the Plaintiff the opportunity to amend her pleading "to provide information concerning when the statements or acts giving rise to her hostile work environment claim were made" and held that "[i]f any of these alleged statements occurred on or after June 29, 2007, then the Plaintiff's hostile work environment claim will be considered timely."  (March Order at 7.)

With regard to the Section 1983 claims, the Court noted that although the complaint was unclear, the Plaintiff appeared to be asserting two Equal Protection violations: one for discriminatory hiring practices based on the failure to promote and the second for hostile work environment based on the alleged inappropriate racial comments.  As to the cause of action based on discriminatory hiring practices, the Court held that only the April 1, 2008 hiring decision was actionable.  (Id. at 12.)  However, the Court held that the complaint lacked sufficient detail for Plaintiff to maintain a cause of action for a hostile work environment under Section 1983 because it failed to identify whether any of the allegedly racist statements occurred during the statutory period.  (Id.)  The Court permitted the Plaintiff the opportunity to amend her pleading, stating that "[i]f the Plaintiff's amended complaint demonstrates that at least one of the alleged racist comments was made on or after August 19, 2006, then the Plaintiff will not be time-barred from asserting that the Defendants violated her rights under the Equal Protection Clause by subjecting her to a hostile work environment."  (Id. at 14.)

3

**B. The Amended Complaint**

In the initial complaint, the allegations relating to inappropriate racial comments and disparate treatment relevant to Plaintiff's hostile work environment claims under Title VII and Section 1983 were set forth in three paragraphs that stated "during the course of Plaintiff's employment, Dr. Canniff has made inappropriate racial comments, and has subjected Plaintiff to disparate treatment due to her race/color," that Canniff referred to other employees with doctorates as "Doctor" but referred to the Plaintiff as "young lady," or "Michelle," and that after complaining about Canniff's behavior to Britton, he told the Plaintiff "that she should 'let it go,' that 'you people are taking over,' and that 'Randy [Dr. Manning, a black male] is one of us; he just looks like you.'" (Compl. ¶¶ 28–30.)

On March 22, 2010, Plaintiff filed an amended complaint ("Amended Complaint") in which the above referenced paragraphs were re-numbered as 18–20. The only substantive change to the factual allegations pertaining to the discriminatory statements was the addition of "July 2007" as the date for when Plaintiff allegedly complained to Britton and when he allegedly made inappropriate comments. The Plaintiff did not provide any additional information relating to Canniff's allegedly racist remarks.

On May 7, 2010 the Defendants filed a motion to dismiss the Amended Complaint specifically as to the Section 1983 claims against Canniff because the Plaintiff's Amended Complaint failed to provide a date for any of Canniff's allegedly inappropriate racial comments.

## II. DISCUSSION

### A. Standard of Review - Fed. R. Civ. P. 12(b)(6)

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 129 S. Ct. at 1949). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 129 S. Ct. at 1950.

### B. As to the Title VII Cause of Action

In the present motion to dismiss, the Defendants assert that, despite the instructions in the March Order, the Plaintiff did not indicate when Canniff's inappropriate conduct alleged in paragraphs 18 and 19 of the Amended Complaint occurred. As an initial matter, it appears that the Defendants' believe this deficiency is relevant to the hostile work environment claim under

5

Title VII in addition to the Section 1983 claim against Canniff individually. (See Def. Br. at 3.) However, in order to maintain her Title VII hostile work environment claim, the Plaintiff is only required to plead that either defendant made at least one of the allegedly racist statements identified in paragraphs 18–20 of the Amended Complaint after June 29, 2007. Plaintiff has satisfied this requirement by alleging that Britton's statements were made in July 2007. Thus, regardless of whether Canniff individually remains a defendant in this action, the statements alleged in paragraphs 18 and 19 are relevant to the Plaintiff's Title VII hostile work environment claim.

## C. As to the Section 1983 Equal Protection Cause of Action

In the Amended Complaint, Plaintiff asserts Equal Protection claims under Section 1983 against SCCC and the defendants individually. As noted in the March Order, the Plaintiff appears to advance two causes of action for liability under Section 1983: (1) violation of Equal Protection for discriminatory hiring practices in failing to promote and (2) violation of Equal Protection by creating a hostile work environment through inappropriate racial statements and disparate treatment. The Court will address the sufficiency of each Section 1983 cause of action as to defendant Canniff in turn.

### 1. Whether the Amended Complaint states an Equal Protection claim based on Canniff's allegedly discriminatory statements

The Defendants argue that to the extent the Plaintiff asserts an Equal Protection claim personally against Canniff for creating a hostile work environment, a cause of action cannot be maintained.

The Court granted leave to amend the complaint to ascertain whether the Plaintiff's Section 1983 claim could proceed under the continuing violation doctrine. In order for a plaintiff

6

to evoke this doctrine, and delay the "the commencement of the statute of limitations period ... until the last discriminatory act [made] in furtherance of it," the plaintiff "must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy." Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009) (citations and internal quotation marks omitted). Because supervisory liability under Section 1983 requires "personal involvement" by state actors in the alleged constitutional deprivation, Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003), the Plaintiff must plead the "personal involvement" of each individual defendant separately. "A complaint is fatally defective on its face if it fails to allege that the defendants were directly and personally responsible for the purported unlawful conduct." Adams v. Galletta, 966 F. Supp. 210, 212 (S.D.N.Y. 1997); see Rosa R. v. Connelly, 889 F.2d 435, 437 (2d Cir. 1989).

In order to establish that her claims fit within this exception, the Plaintiff was required to show that at least one of the allegedly racist statements was made by the individual defendants after August 19, 2006. The Plaintiff satisfied this requirement as to defendant Britton by alleging an actual statement made in July 2007, but failed to provide a date for any alleged statements by Canniff. The Plaintiff argues that "from a reading of the Amended Complaint, it is reasonable to infer that the comments made by Dr. Canniff, which were the subject of Plaintiff's July 2007 complaint, were made shortly in time before said complaints, which would mean those comments were made well after the August 19, 2006." (Pl. Br. at 5.) The Defendant counters that absent specificity that the Plaintiff could have provided, the possibility remains that Canniff's actions occurred outside of the statutory period and therefore "[i]t is unreasonable and unfair that defendants should be required to make inferences as to when certain comments were

7

made, particularly when plaintiff was directed to be more specific." (Def. Reply Br. at 1.) The Court agrees with the Defendants that the Plaintiff's Amended Complaint fails to state a cause of action on this theory.

In light of the Court's March Order, it was incumbent upon Plaintiff to provide, for <u>both</u> defendants, a non-time barred discriminatory act. The Court will not infer from Plaintiff's Amended Complaint specifically what the Court ordered Plaintiff to explicitly set forth. In her reply, the Plaintiff does not request leave to amend, nor does she make any showing that she could possibly cure the deficiency if permitted such leave. See <u>Porat v. Lincoln Towers Community Ass'n</u>, 464 F.3d 274, 276 (2d Cir. 2006) (holding that even if a plaintiff requests leave to replead, it is not an abuse of discretion for a district court to deny the request where "plaintiff's counsel [does] not advise the district court how the complaint's defects would be cured"). Therefore, the cause of action alleging a Section 1983 violation for a hostile work environment individually against defendant Canniff is dismissed with prejudice.

**2. Whether the Amended Complaint states an Equal Protection claim based on Canniff's involvement in the discriminatory hiring practices**

The Defendants' motion does not clearly indicate whether they are seeking dismissal of all Section 1983 claims against Canniff, or simply the Section 1983 claim based on his allegedly inappropriate racial remarks. As noted in the March Order, the Amended Complaint also asserts a Section 1983 claim against the individual defendants based on discriminatory hiring practices. Thus, to the extent the Defendants seek dismissal of all Section 1983 claims asserted against Canniff, the Court denies that request because the Amended Complaint adequately states a cause of action against Canniff individually under Section 1983 for discriminatory hiring practices.

To satisfy the "personal involvement" requirement for bringing a Section 1983 claim against an individual defendant, a plaintiff must allege either "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996). This Court previously held that in light of the statute of limitations "to the extent that the Plaintiff's Equal Protection claim is predicated upon the alleged discriminatory hiring practices at SCCC, only the April 1, 2008 hiring decision is actionable." (March Order at 12.)

In the Amended Complaint, the Plaintiff asserts that the "promotional decision was made solely by Dr. Canniff" and that "on April 1, 2008, Plaintiff was passed over for the job, due to her race and/or color." (Am. Compl. ¶¶ 25 & 28.) These fact allegations sufficiently state a claim against Canniff under Section 1983 based on his personal involvement in the allegedly discriminatory hiring practice.

### III.  CONCLUSION

The Plaintiff's Section 1983 Equal Protection claim against Canniff based on his allegedly inappropriate racial comments is dismissed with prejudice for failure to state a claim. However, the Court declines to dismiss the Section 1983 claim against Canniff in its entirety because the Plaintiff has adequately pled Canniff's direct involvement in the April 1, 2008 allegedly discriminatory hiring decision. In addition, to the extent the Defendants requested that

the Court dismiss the Title VII hostile environment claim against them, that request is denied.

**SO ORDERED**.

Dated: Central Islip, New York
November 2, 2010

                                                       */s/ Arthur D. Spatt*
                                                         ARTHUR D. SPATT
                                                  United States District Judge