**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
MICHELLE CUMMINGS-FOWLER ,

                Plaintiff,                  **MEMORANDUM OF**
                                                    **DECISION AND ORDER**
            -against-                  09-CV-3593 (ADS)(ARL)

SUFFOLK COUNTY COMMUNITY
COLLEGE, JAMES CANNIFF, and RICHARD
BRITTON,
                         Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**LEEDS MORELLI & BROWN, P.C.**
*Attorneys for the Plaintiff*
One Old Country Road, Suite 347
Carle Place, NY 11514
       By: Thomas Ricotta, Esq., Of Counsel

**CHRISTINE MALAFI, SUFFOLK COUNTY ATTORNEY**
*Attorney for the Defendants*
H. Lee Dennison Building, P.O. Box 6100
100 Veterans Memorial Highway
Hauppauge, NY 11788-0099
       By: Jennifer K. McNamara, Assistant County Attorney

**SPATT, District Judge**.

       On August 19, 2009, Michelle Cummings-Fowler ("the Plaintiff") commenced this lawsuit against her former employer, Suffolk County Community College ("SCCC"), and her former supervisors, James Canniff ("Canniff") and SCCC Dean Richard Britton ("Britton") (collectively "the Defendants"), alleging discrimination claims under 42 U.S.C. § 2000-e ("Title VII") and N.Y. Executive Law § 296(6) ("New York Human Rights Law" or "NYHRL"), as well as a related cause of action under 42 U.S.C. § 1983 ("Section 1983") ("the Initial Complaint"). (Docket Entry # 1.)

On March 2, 2010, the Court dismissed the NYHRL claims as time-barred, and granted the Plaintiff leave to amend her complaint with respect to her hostile work environment claims against Canniff and Britton ("the Individual Defendants") ("the March Order").  (Docket Entry # 14.)  Subsequently, on March 22, 2010, the Plaintiff filed an amended complaint ("the Amended Complaint").  (Docket Entry # 15.)  By decision and order dated November 2, 2010, the Court granted in part and denied in part the Defendants' motion to dismiss the hostile work environment claims against the Individual Defendants ("the November Order").  (Docket Entry # 23.)

Presently before the Court is a motion by the Plaintiff pursuant to Federal Rule of Civil Procedure 15(a) ("Rule 15(a)") to amend the complaint to add Title VII retaliation claims against defendant SCCC arising from alleged adverse actions taken against the Plaintiff after she filed the Initial Complaint.  For the reasons set forth below, the Plaintiff's motion is granted.

## I.  BACKGROUND

The background of this case is set forth more fully in the March Order and the November Order.  Familiarity with the factual and procedural background of this case is presumed.

Briefly, the Plaintiff, a 45 year-old African-American woman, was hired by SCCC as an adjunct faculty member in 1997.  Over the course of her employment, the Plaintiff alleges that she was passed over for a number of promotions in favor of less qualified white individuals, and that she was subject to inappropriate racial comments and other disparate treatment by her supervisors, Canniff and Britton.  Following this Court's rulings in the March Order and the November Order, the operative complaint in this action asserts the following claims:  (1) that SCCC discriminated against the Plaintiff on the basis of race by: (a) failing to promote her; and

(b) subjecting her to a hostile work environment; (2) that SCCC violated Section 1983 by failing to investigate and address the Plaintiff's allegations of racial discrimination; (3) that Britton subjected the Plaintiff to a hostile work environment in violation of Section 1983; and (4) that Canniff engaged in discriminatory hiring practices in violation of Section 1983.

On September 21, 2011, the Plaintiff sought leave to file a second amended complaint adding claims of unlawful retaliation under Title VII against defendant SCCC based on the following conduct that allegedly occurred after she filed the Initial Complaint in this action on August 19, 2009:

> 34. In or around October 2009, Defendant SCCC hired Plaintiff's estranged husband, Darryl Fowler to work at SCCC, despite the fact that SCCC had knowledge that Plaintiff had two orders of protection issued against Darryl Fowler.
>
> 35. Specifically, Michele Green, the Assistant Dean of Counseling, was aware of this fact, yet hired Darryl Fowler.
>
> 36. As a result of this retaliatory action, Plaintiff was forced to work in an unsafe environment. Said action on the part of SCCC materially altered Plaintiff's work environment as she was now required to report to work with the knowledge that her estranged husband, who SCCC knew possessed violent tendencies against her which warranted the issuance of orders of protection, had access to her.
>
> 37. Subsequently, after Plaintiff complained about this fact, SCCC terminated Darryl Fowler's employment. In doing so, however, SCCC and Green, advised Darryl Fowler that he was being terminated due to Plaintiff's orders of protection and her complaints regarding his continued employment with SCCC.
>
> 38. As a result of this conduct by SCCC, on November 20, 2009, Plaintiff was the victim of an attempted murder, wherein Darryl Fowler broke into her home and shot her ten times.

(Proposed SAC, ¶¶ 34–38.)

SCCC (hereinafter "the Defendant") opposes the Plaintiff's motion on the grounds of undue delay and futility.

## II.  DISCUSSION

### A.  Legal Standard

As an initial matter, because she seeks to add claims based on events that occurred after the filing of the complaint, the Plaintiff's motion is more properly classified as one for leave to serve a supplemental pleading under Fed. R. Civ. P. 15(d) ("Rule 15(d)").  Rule 15(d) states in relevant part that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  As a general matter, Rule 15(d) "reflects a liberal policy favoring a merit-based resolution of the entire controversy between the parties."  Witkowich v. Gonzales, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) (internal quotation marks and citations omitted).

Where, as here, the Plaintiff seeks to add related claims against the same defendant, the analysis under Rule 15(a) and Rule 15(d) is the same.  See M.V.B. Collision, Inc. v. Allstate Ins. Co., 728 F. Supp. 2d 205, 222 (E.D.N.Y. 2010) ("The same standard, however, applies to both motions to amend and motions to supplement.").  A court should deny leave to amend or to serve a supplemental pleading only upon "undue delay, bad faith or dilatory motive on the part of the [moving party], . . . undue prejudice to the [nonmoving party,] . . . [or] futility."  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 603–04 (2d Cir. 2005) (applying the Foman standard to a motion to amend pursuant to Rule 15(a)); Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995) (applying the Foman standard to a motion to serve a supplemental pleading pursuant to Rule 15(d)).  The party opposing the motion bears the burden of establishing that an amendment

would be prejudicial or futile.  See Blaskiewicz v. Cnty of Suffolk, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998).  Ultimately, it is "within the sound discretion of the court whether to grant leave to amend."  John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

**B.  As to the Plaintiff's Motion to Add Retaliation Claims Against SCCC**

The Plaintiff alleges that as a result of her filing the instant action, the Defendant:  (1) subjected her to an unsafe work environment by hiring her estranged husband, even though the Defendant knew she had two orders of protection against him; and (2) placed her in danger by informing her estranged husband that his employment was being terminated based on her complaints and orders of protection.  According to the Plaintiff, the Defendant's actions, which occurred approximately two to three months after she commenced the instant discrimination case, constituted unlawful retaliation in violation of Title VII.

The Defendant first contends that the Court should deny the instant motion because the Plaintiff unduly delayed in moving to add a retaliation cause of action.  As stated in the proposed Second Amended Complaint, the alleged retaliation occurred in October and November of 2009.  Nevertheless, the Plaintiff waited approximately two years before seeking leave to supplement her pleadings to add a retaliation claim.  In response, the Plaintiff asserts that, to the extent there has been any delay, it is "attributable in large part, to the events that occurred on November 20, 2009 and the after-effects of those events, which left Plaintiff both physically and emotionally incapacitated for a substantial period of time".  (Pl.'s Br. at 2.)

Although the Court sympathizes with the Plaintiff's condition, the Court agrees with the Defendant that her excuse for failing to timely pursue this amendment is unavailing.  Despite her

condition, the Plaintiff never sought a stay of the pending litigation. In addition, the November 20, 2009 attack and the Plaintiff's subsequent condition did not prevent her attorney from actively litigating two motions to dismiss and engaging in discovery. There is simply no excuse for why the Plaintiff's condition did not prevent her from filing an amended complaint, engaging in motion practice, and participating in discovery, but somehow impeded her ability to move to amend the complaint.

"Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). Indeed, in the context of a motion to supplement a pleading pursuant to Rule 15(d) to add a claim for unlawful retaliation, the Second Circuit has held that it is an abuse of discretion to deny the motion absent prejudice to the opposing party or futility of the amendment. See Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

With respect to prejudice, the Plaintiff argues that the Defendant will not be prejudiced because "the parties are still within the discovery time frame in this case and depositions have not been conducted". (Pl.'s Br. at 2.) In response, the Defendant states that written discovery has been exchanged and "other steps" have been taken. (Def.'s Opp. at 2.) The Court notes that, after the briefing of this motion, the parties have completed discovery and the Defendant has taken the first step towards filing a motion for summary judgment. However, the Court considers any potential prejudice to the Defendant with respect to discovery at the time the motion was filed.

In analyzing "prejudice," courts consider whether the amendment would: (1) require the opponent to "expend significant additional resources to conduct discovery and prepare for trial,"

(2) significantly prolong the resolution of the action, or (3) "prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Dep't.ofCorr., 214 F.3d 275, 284 (2d Cir. 2000) . However, in general, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States v. Continental Ill. Nat'l Bank & Trust of Chicago, 889 F.2d 1248, 1255 (2d Cir. 1989).

Here, when the Plaintiff moved to amend the complaint, only written discovery had taken place. As a result, the Defendant was on notice of this new claim at the time depositions were taken. Therefore, in the absence of any claim by the Defendant to the contrary, it appears to the Court that permitting the Plaintiff to supplement her pleading should not require a substantial amount of additional discovery. Furthermore, although the Defendant has requested a pre-motion conference in advance of filing a motion for summary judgment, neither a summary judgment briefing schedule nor a trial date have been set. Although it may delay the ultimate resolution of this action to permit the Plaintiff to amend the complaint at this juncture, the Defendant has failed to show how it might be prejudiced by the proposed amendment.

Moreover, to the extent that United States Magistrate Judge Arlene R. Lindsay determines that, given the amendment, reopening discovery is appropriate, the Court finds that this limited additional discovery will not be unreasonable, unfair, or cause substantial delay. See Fluor Corp., 654 F.2d at 856 (granting leave to amend after discovery was closed, where there was no undue prejudice to the defendants and "no trial date had been set by the court and no motion for summary judgment had yet been filed by the defendants"); S.S. Silberblatt, Inc. v. East Harlem Pilot Block–Bldg. 1 Hous. Dev. Fund Co., Inc., 608 F.2d 28, 43 (2d Cir. 1979) ("[T]he adverse party's burden of undertaking discovery does not outweigh the Federal Rules'

7

policy of liberally granting these amendments, thereby enabling the parties to adjudicate disputes on their merits."); Randolph–Rand Corp. of New York v. Tidy Handbags, Inc., No. 96-CV-1829, 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001) ("Allegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute 'undue prejudice.'").

The Defendant also argues that permitting the Plaintiff to amend her complaint without an adequate excuse for the delay would be "unfair". (Def.'s Opp. at 2.) As previously stated, as the party opposing the proposed amendment, it is the Defendant's burden to establish that permitting the Plaintiff to supplement her pleading with a claim for retaliation would be prejudicial. See Blaskiewicz v. Cnty of Suffolk, 29 F. Supp. 2d 134, 137–38 (E.D.N.Y. 1998); Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994). A generalized complaint that permitting an untimely amendment is "unfair", where the Defendant has failed to show it would otherwise suffer any prejudice, is insufficient to defeat the Plaintiff's motion.

Finally, the Defendant contends that the Court should deny the Plaintiff's motion because the proposed amendment would be futile. If the proposed amendment is deemed to be futile, "it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993). A proposed amendment is futile if the proposed claim could not withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002). A claim can only withstand a Rule 12(b)(6) motion if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007). In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868, 884–87 (2009).

In order to determine whether the Plaintiff's proposed Second Amended Complaint alleges a plausible claim for retaliation under Title VII, the Court weighs whether the Plaintiff has shown that: (1) she "engaged in protected activity"; (2) that her employer "was aware of this activity"; (3) that her employer "took adverse action against [her]"; and (4) "a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." Sista v. CDC Ixis North America, Inc., 445 F.3d 161, 177 (2d Cir. 2006) (internal quotations and citations omitted). Here, at least for the purposes of this motion, the Defendant does not dispute that the Plaintiff's allegations satisfy the first three elements. Rather, the Defendant contends that the Plaintiff cannot satisfy the fourth element. In particular, the Defendant argues, without explanation or supporting caselaw, that "[n]o reasonable juror could find a causal connection to exist between [the alleged retaliatory] events and Plaintiff's complaints of discrimination . . . ." (Def.'s Opp. at 4.)

However, what a "reasonable juror" might ultimately find is irrelevant to the Court's analysis on motion to supplement the pleadings pursuant to Rule 15(d), which, as previously stated, is analyzed pursuant to the Rule 12(b)(6) standard. Thus, the relevant issue is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); cf. Manigaulte v. C.W. Post of Long Island Univ., 659 F. Supp. 2d 367, 381 (E.D.N.Y. 2009) ("Although the alleged causal connection between the protected activity and defendant's decision to not reappoint plaintiff to

9

his position may be tenuous at best, it is at least plausible, thus rendering the proposed cause of action sufficiently pled for this motion.").

"To prevail on a claim for retaliation under Title VII, 'a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which . . . means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Kessler v. Westchester County Dept. of Social Servs., 461 F.3d 199, 207 (2d Cir. 2006) (quoting Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). Accordingly, the Plaintiff need only show that the Defendant took an action that a reasonable employee would find to be materially adverse. Drawing all inferences in favor of the Plaintiff, the Court finds it plausible that a reasonable employee would be dissuaded from filing a complaint of discrimination if the consequences of filing that complaint were: (1) having to work in an environment with an individual against whom the reasonable employee had two orders of protection; and (2) the reasonable employee was cited as the reason for that worker's termination.

Moreover, while the Plaintiff will eventually have to meet the higher threshold for establishing a causal connection to prove a retaliation claim, proposed amendments are construed liberally. Therefore, the Court finds that the allegations in the proposed Second Amended Complaint are sufficient to plausibly allege a causal connection between the filing of the instant complaint, and the Defendant's alleged retaliatory hiring and termination of the Plaintiff's estranged husband. Therefore, because the proposed amendment plausibly states a claim for retaliation, it is not futile to grant the Plaintiff leave to amend in that regard.

Thus, after a review of the authorities applicable on a motion to supplement the pleadings pursuant to Rule 15(d), the Court finds that it is proper to grant the Plaintiff leave to amend her complaint as requested.

### III.  CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Plaintiff's motion to amend the complaint to add retaliation claims against **the** defendant SCCC is granted, and it is further

**ORDERED**, that the Plaintiff is directed to serve the proposed Second Amended Complaint within ten days of the date of this order, and it is further

**ORDERED**, that the parties are referred to United States Magistrate Judge Lindsay for the limited purpose of reopening discovery to address the newly asserted claims.

**SO ORDERED**.

Dated: Central Islip, New York
April 18, 2012

　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Arthur D. Spatt_____
　　　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge